IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| JOHN ORMONDE, individually, and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) ALLIED INTERNATIONAL ) CREDIT CORPORATION (US), ) ) Serve registered agent: ) LexisNexis Document Solutions, Inc. ) 221 Bolivar Street ) Jefferson City, Missouri 65101 ) ) Defendant. ) | Case No.: Division: |

## CLASS ACTION PETITION

COMES NOW Plaintiff John Ormonde, individually, and on behalf of all others similarly situated and for his Petition against Defendant Allied International Credit Corporation (US) states:

**Parties, Jurisdiction and Venue**

1. Plaintiff John Ormonde ("Ormonde") is an individual who at all times relevant to this Petition resided in St. Louis County, Missouri.

2. Ormonde is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(3) because he is a person allegedly obligated to pay the debt discussed below.

3. Defendant Allied International Credit Corporation (US) ("Allied") is Delaware corporation who is registered as a foreign corporation in the State of Missouri and who at all times relevant to this Petition has been in good standing and authorized to transact business in the State of Missouri.

EXHIBIT A

4. Allied is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA as it uses interstate commerce or the mails for its principal purpose of collecting debts owed or due or asserted to be owed or due to another.

5. Allied's website states that it offers a variety of "accounts receivable services."

6. Jurisdiction is proper in the Circuit Court of St. Louis County, Missouri, under 15 U.S.C. §1692k(2)(d) of the FDCPA because this Court is a Court of competent jurisdiction to adjudicate an action brought under the FDCPA.

7. Venue is proper in the Circuit Court of St. Louis County, Missouri, because the transactions and occurrences that are the subject of Ormonde's claims occurred in St. Charles County, Missouri.

## The Dunning Letter and Ormonde's Response

8. Allied sent a dunning letter to Ormonde dated June 1, 2016 ("the letter").

9. The letter concerns a "debt" as defined by 15 U.S.C. §1692a(5) of the FDCPA because it concerns an alleged obligation of Ormonde to pay money pertaining to a loan that was made for personal, family or household purposes.

10. Upon information and belief, the letter was sent by Allied to collect a purported debt owed by Ormonde to eBay pertaining to an account he purportedly held at eBay.

11. The letter states that the current amount due is $148.95.

12. Ormonde never owed a debt to eBay.

13. eBay advised Ormonde after the date he received the letter from Allied that it had no knowledge of the debt referred to in Allied's letter.

14. The letter stated that Allied could be contacted at its office in Richmond, Virginia.

15. Ormonde subsequently addressed a letter to Allied at its Richmond, Virginia office. Ormonde's letter disputed the debt and requested various documentation and information from Allied concerning the purported debt.

16. Allied responded to Ormonde's letter on June 22, 2016 by once again advising Ormonde that the balance owed on the purported eBay account was $148.95. To date, Allied has provided no documentation to Ormonde that confirms he owes these amounts to eBay.

**Numerous Complaints About Allied's Collection of Purported eBay Accounts**

17. Upon information and belief, numerous other consumers have been sent dunning letters by Allied concerning purported debts owed to eBay despite the fact that the consumers owe no debts to eBay.

18. Upon information and belief, numerous other consumers have lodged complaints concerning Allied's collection of eBay accounts with the Better Business Bureau or have made complaints on online message boards.

19. Upon information and belief, the majority of these purported eBay accounts for which Allied sends dunning letter are for amounts of less than $300.00.

20. Upon information and belief, while the consumers do not owe any debts to eBay, Allied fraudulently sends dunning letters concerning eBay accounts to intimidate consumers into paying these small balances so that their accounts do not remain in collections.

**Count I - Violations of the FDCPA, 15 U.S.C. §1692 *et seq.***

21. Ormonde restates and incorporates the allegations of all previous paragraphs as if fully stated in this Count.

22. Ormonde seeks recovery individually and on behalf of a class of persons defined below for violations of the FDCPA.

23. Ormonde seeks to represent a class of persons defined as follows:

All individuals in the United States who were sent collection correspondence from Allied concerning eBay accounts. This class includes individuals who received such correspondence dated between October 12, 2015 and the date of class certification.

24. Upon information and belief, the dunning letters sent by Allied to Ormonde and the putative class members concern purported debts to eBay that the Ormonde and the putative class members do not owe.

25. Upon information and belief, the dunning letters sent to Ormonde and the putative class members identify amounts owed to eBay that Ormonde and the putative class members do not owe.

26. Upon information and belief, the dunning letters sent to Ormonde and the putative class members were sent as part of a plan by Allied to frighten said persons to pay these purported debts of small amounts even though Ormonde and the putative class members did not owe said amounts.

27. Allied's actions violate 15 U.S.C. §1692e in that Allied engaged in conduct in which the natural consequence of which was to harass Ormonde and the putative class members and/or to oppress the rights of Ormonde and the putative class members. Specifically, Allied engaged in a plan to send dunning letters to Ormonde and the putative class members for small debts it knew or had reason to know they did not owe in an attempt to intimidate Ormonde and the putative class members into paying said amounts instead of having to address Allied's collection efforts.

28. Allied's actions violate 15 U.S.C. §1692f(2)(A) in that Allied falsely represented and/or mislead and/or deceptively misrepresented to Ormonde and the putative class members that

4

the owed the purported debts. Specifically, Allied falsely represented the balance due in its dunning letters when no balance was owed.

29. Allied's actions violate 15 U.S.C. §1692f(2)(A) in that Allied falsely represented and/or mislead and/or deceptively misrepresented to Ormonde and the putative class members the character of the purported debt owed. Specifically, Allied falsely represented that a debt existed when no such debt existed.

30. Allied's actions violate 15 U.S.C. §1692f(10) in that Allied used false representations and/or deceptive means to collect or attempt to collect eBay debts from Ormonde and the putative class members. Specifically, Allied falsely represented that said debts were owed and sent false dunning letters to Ormonde and the putative class members as a means to collect these fictional debts.

31. Allied's actions violate 15 U.S.C. §1692g(1) in that Allied attempted to collect amounts from Ormonde and the putative class members amounts that are not authorized by any agreement or permitted by law. More particularly, Allied sent dunning letter to Ormonde and the putative class members in an attempt to collect amounts it was not authorized to collect.

32. Upon information and belief, there are hundreds of putative class members and joinder of all of the putative class members is impracticable.

33. Ormonde's claims are typical of the putative class members' claims.

34. Common questions of law and fact apply to the class. These questions include, but are not limited to:

    a)    Whether Allied's conduct as described in this Petition is governed by the FDCPA;

    b)    Whether Allied is a "debt collector" as defined by the FDCPA;

c) Whether Allied violated the FDCPA by sending dunning letter pertaining to purported eBay accounts;

d) Whether Allied violated the FDCPA by identifying amounts owed on the purported eBay accounts.

35. Ormonde will fairly and adequately represent the putative class members.

36. Ormonde has retained counsel experienced in the prosecution of class actions and Ormonde is committed to vigorously prosecuting the claims.

37. The questions of law and fact common to the putative class members predominate over any questions of fact affecting any individual member of the putative class.

38. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

39. Due to Allied's illegal conduct as set forth above, Ormonde is entitled to statutory damages of $1,000.00 under 15 U.S.C. §1692k(a)(2)(B) of the FDCPA.

40. Due to Allied's illegal conduct as set forth above, Ormonde and the putative class members are entitled to actual damages under 15 U.S.C. §1692k(a)(1), statutory damages under 15 U.S.C. §1692k(a)(2)(B), and costs and attorneys' fees under 15 U.S.C. §1692k(a)(3) of the FDCPA.

WHEREFORE Plaintiff John Ormonde, individually, and on behalf of all others similarly situated, requests that the Court enter an award of damages against Allied in excess of $25,000.00 and grant the following relief:

a) enter an order pursuant to Missouri Supreme Court Rule 52.08(b)(3) certifying this action as a class action, and appointing John Ormonde as the representative of the class;

b)     enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

c)     enter judgment in favor of Ormonde and the class for all damages available under the FDCPA, including actual damages, statutory damages, attorneys' fees and costs of bringing the action;

d)     award Ormonde and the class all expenses incurred in the litigation and require Rose to pay the costs and expenses of class notice and administration; and,

e)     award Ormonde and the class all taxable court costs and any other further relief to which they may be titled.

**Jury Trial Demanded**

**BUTSCH, ROBERTS & ASSOCIATES, LLC**

By: /s/Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Attorneys for Plaintiff John Ormonde