IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN ORMONDE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:16-CV-01763-HEA |
| ALLIED INTERNATIONAL CREDIT CORPORATION, | ) ) ) ) |
| Defendant | ) ) ) |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO COMPEL ARBITRATION AND FOR
TEMPORARY STAY OF PROCEEDINGS</u>**

**I.      SUMMARY OF THE ARGUMENT**

Defendant Allied International Credit Corporation ("AICC") collects debts on behalf of non-party eBay Inc. ("eBay"). Plaintiff has been a registered eBay user since 2009, and his claims arise out of a dispute over a debt he purportedly owed to eBay and that eBay placed with AICC for collection on eBay's behalf. As a registered eBay User, Plaintiff has affirmatively accepted, and is contractually bound by, the terms of the eBay User Agreement. That Agreement requires that "any and all disputes or claims…relating in any way to...[Plaintiff's] use of or access to eBay's Services, or any products or services sold, offered, or purchased through eBay's Services" be resolved in arbitration or small claims court.[1] Although it is not a signatory to the eBay User Agreement, as eBay's agent AICC is entitled to enforce that Agreement to compel

---

[1] Although Plaintiff could have opted to pursue his present claims in small claims court, he chose instead to file this lawsuit in Missouri state (circuit) court, and Defendant properly removed it to this Court. If Plaintiff wishes to avoid arbitration, he may voluntarily dismiss his Complaint and proceed instead to small claims court.

7964177

arbitration of Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims. Accordingly, Plaintiff should be compelled to arbitrate his FDCPA claims.

Defendant AICC also respectfully requests that all proceedings in this case be temporarily stayed pending a ruling on the present motion to compel arbitration in order to avoid potentially costly and unnecessary litigation activity.

## II.   FACTUAL BACKGROUND

Plaintiff's FDCPA claims relate to a debt Plaintiff purportedly owed to eBay. *See* Compl. ¶9-11. eBay placed that debt with its agent AICC for collection, but retained ownership of the debt and substantial control over AICC's actions in relation to the debt. *See* Affidavit of Rebekah Long ("Long Aff."), attached hereto as Exhibit A, at ¶43. The relationship between eBay and AICC is governed by a written contract referred to as the "Collection Services Agreement," a (redacted) copy of which is attached to the Long Aff. as Exhibit 6.

### A.   eBay Registration and the eBay User Agreement

eBay operates an online global marketplace on which "users" (individuals who register to use eBay's services and become eBay account holders) may list items they wish to sell and through which potential buyers may purchase items from third parties. Long Aff. at ¶2. Successful eBay sellers pay eBay a fee for their use of the online marketplace; if such fees are not timely paid, eBay may place their accounts with AICC for collection. *See, e.g.*, Long Aff. at ¶11. The purported debt at issue in this lawsuit was attributed to Plaintiff based on the use of an eBay account registered to Plaintiff's name. After eBay placed the debt with AICC for collection, eBay discovered that the account had been fraudulently created in Plaintiff's name. *Id.* at ¶44.

Anyone buying or selling on eBay (including guests) must first accept the terms of the eBay User Agreement. Long Aff. at ¶¶4, 12. The eBay User Agreement contains the terms and

2

conditions that govern the relationship between eBay and its users. *Id.* at ¶9. True and correct copies of the eBay User Agreements in effect at all times potentially relevant to Plaintiff's claims are attached to the Long Aff. as Exhibits 1-5. The eBay registration process requires a potential eBay user to complete an online registration form and to electronically submit the form to eBay. *Id.* at ¶7. To activate the eBay registration process and generate a registered User ID that will be stored in eBay's records, a potential user must click a "Submit" button found immediately below a statement that reads: "By clicking 'Submit' I agree that: I have read and accepted the User Agreement and Privacy Policy…." *Id.* at ¶13. Registered users who do not affirmatively click "Submit" indicating their acceptance of the User Agreement and Privacy Policy are not permitted to become eBay account holders. *Id*. at ¶¶ 13-17.

       **B.**       **Plaintiff's Multiple eBay Registrations and Affirmative Acceptances of the Terms of the eBay User Agreement**

Plaintiff John Ormonde is a registered eBay user and has, on three separate occasions, completed an electronic registration form resulting in the generation of three unique eBay User IDs. Long Aff. at ¶23. For two of those three registrations, Plaintiff subsequently verified his email address and transacted on the site using one of those user IDs. *Id.* at ¶¶24, 28. Specifically, eBay's records show that Plaintiff first became a registered eBay user in December 2009, accepting the then-operative eBay User Agreement (*see* Long Aff. Ex. 1) and acquiring the User ID "elmalditozero." *Id.* at ¶23. Plaintiff's first eBay account has remained active ever since. *Id.* at ¶25. For a period of time, Plaintiff was also a registered user and eBay account holder with User ID "irishjohnjohn," although that account was subsequently deleted by eBay (due to non-use) in 2016. *Id*. at ¶25. Plaintiff also completed a third eBay registration in October 2014 with the User ID "johormo," although he never verified the email address associated with this account and, as a result, never completed any transactions using this User ID. *Id*. at ¶24. On each of the

3

three occasions Plaintiff registered and generated a unique User ID that eBay retained in its records, Plaintiff affirmatively acknowledged that he had read and agreed to the eBay User Agreement and Privacy Policy, thereby signifying his *actual* notice of the terms of the Agreement. *Id.* at ¶¶13, 23.

      C.    **Plaintiff's Constructive Notice of Changes to the eBay User Agreement, Including the Provision Requiring Arbitration and Users' Right to Opt Out**

In addition to the actual notice of the eBay User Agreement Plaintiff affirmed each time he registered, Plaintiff was also provided constructive notice of each planned amendment to the eBay User Agreement (typically twice a year). Long Aff. at ¶10. From his initial registration in December 2009, the eBay User Agreement has always contained a provision that authorized eBay to propose changes to the contract. *Id.* at ¶30. The User Agreement that became effective September 29, 2009 provided:

> We may amend this Agreement at any time by posting the amended terms on this site. Except as stated elsewhere, all amended terms shall automatically be effective 30 days after they are initially posted. Additionally, we will notify you through the eBay Message Center. This Agreement may not otherwise be amended except in writing hand signed by you and us.

*Id., see also* Long Aff. Ex. 1 at 10. Subsequent versions of the eBay User Agreement have all contained similar or identical provisions. *See Id.*, *see also* Long Aff. Exs. 2 at 9, 3 at 10, 4 at 15, and 5 at 10.

Indeed, pursuant to this provision, eBay posted an amended User Agreement to its website on August 21, 2012 containing an arbitration provision that became effective for current members on October 10, 2012. Long Aff. at ¶¶30, 33; *see also* Long Aff. Ex. 2. eBay also notified Plaintiff of that amendment to the User Agreement by sending a message to him through his eBay Message Center on August 27, 2012 and by email on September 15, 2012. *Id.* at ¶32. The amended eBay User Agreement posted on the eBay website August 21, 2012 expressly

permitted existing eBay users, like Plaintiff, to opt out of the new arbitration provision. *Id.* at

¶30. Within the arbitration agreement was a separately-marked section titled "**Opt-Out**

**Procedure**," which provided:

> **You can choose to reject this Agreement to Arbitrate ("opt-out" by mailing us a written opt-out notice ("Opt-Out Notice"). For new eBay users, the Opt-Out Notice must be postmarked no later than 30 days after the date you accept the User Agreement for the first time. If you are already a current eBay user and previously accepted the User Agreement prior to the introduction of this Agreement to Arbitrate, the Opt-Out Notice must be postmarked no later than November 12, 2012.**

*Id.*, *See also* Long Aff. Ex. 2 at 7 (emphasis in original). Plaintiff has never submitted an

arbitration opt-out notice to eBay and his eBay account remains open and active. *Id.* at ¶¶25, 34.

### D. Legal Disputes and Arbitration Under the eBay User Agreement

At all relevant times, the eBay User Agreement that Plaintiff accepted has contained a

section pertaining to Legal Disputes that requires any claim relating in any way to the eBay User

Agreement to be resolved in accordance with the provisions of that section. *See* Long Aff. Exs.

1 at 7-8; 2 at 7-8; 3 at 7-9, 4 at 11-14; 5 at 7-10. Section B of the operative Legal Disputes

Section of the eBay User Agreement contains the following "Agreement to Arbitrate":

> **You and eBay each agree that any and all disputes or claims that have arisen, or may arise, between you and eBay relating in any way to or arising out of this or previous versions of the User Agreement, your use of or access to eBay's Services, or any products or services sold, offered, or purchased through eBay's Services shall be resolved exclusively through final and binding arbitration, rather than in court. Alternatively, you may assert your claims in small claims court, if your claims qualify and so long as the matter remains in such court and advances only on an individual (non-class, non-representative) basis.** The Federal Arbitration Act governs the interpretation and enforcement of this Agreement to Arbitrate.

Long Aff. at ¶19.  This language has been included in each version of the User Agreement effective since October 2012, including the version Plaintiff affirmatively accepted at the time of his third eBay registration.  *See id.*

The eBay User Agreement has, since at least 2014, specifically stated that a User's "continued access or use of our Services constitutes [the User's] acceptance of the amended terms," Long Aff. at ¶29, and Plaintiff continued to use his original eBay account ("elmalditozero") to conduct at least six transactions on eBay after the Arbitration Clause became effective in 2012.  *Id.* at ¶28.

The Arbitration Clause contains a number of consumer-friendly features to facilitate resolution of Plaintiff's claims:

- **Cost-free arbitration**:  For claims up to $10,000, at the user's request, "eBay will pay all [American Arbitration ('AAA')] filing, administration, and arbitrator fees" unless the arbitrer determines the user's claim to be "frivolous;"

- **Small claims court option**: Either party may bring a claim in small claims court as an alternative to arbitration;

- **Flexible consumer procedures**:  Arbitration will be conducted under the AAA's Consumer Arbitration Rules, which the AAA designed with consumers in mind;

- **Conveniently located hearing**:  Arbitration will take place "in the county in which [the user] reside[s] or at another mutually agreed location;"

- **No confidentiality requirement**: Either party may publically disclose the arbitration and its result;

- **Full individualized remedies available**:  The arbitrator can aware any form of relief on an individualized basis[2] (including statutory and punitive damages, attorneys' fees, and injunctions that would affect the claimant alone) that a court could award; and

- **Choice of in-person, telephonic, or no hearing**:  For claims of $10,000 or less, users or eBay may elect to have the arbitration conducted by telephone or based solely on written submissions, subject to the discretion of the arbitrator to require an in-person hearing.  The arbitrator's award shall be final and binding.

---

[2] The eBay User Agreement prohibits class and representative actions and non-individualized relief.  *See* Long Aff.  at ¶ 20.

6

*See* Long Aff. Exs. 2 at 7-8; 3 at 7-9, 4 at 11-14; 5 at 8-10.

### III. LEGAL ARGUMENT

Plaintiff should be compelled to arbitrate his FDCPA claims against AICC. The Federal Arbitration Act ("FAA") applies to any arbitration agreement that is "written" and in a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. Both criteria are met here: (i) the Arbitration Clause is in writing (*see* Long Aff. Exs. 2-5); and (ii) transactions through eBay's online global marketplace plainly involve interstate commerce. Indeed, the Arbitration Clause itself specifies that "[t]he Federal Arbitration Act governs the interpretation and enforcement of this Agreement to Arbitrate." *See* Long Aff. Exs. 2 at 7; 3 at 7, 4 at 11; 5 at 8.

The FAA establishes a federal policy in favor of arbitration where there exists an arbitration agreement that is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 *et seq.*; *Nitro-Luft Techs, L.L.C. v. Howard*, 133 S. Ct. 500, 503 (2012) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). Where an arbitration agreement exists, there is a presumption in favor of arbitration. *See AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1748 (2011) ("The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings."); *AT&T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 648-50 (1986); *see also Actors' Equity Ass'n v. Am. Dinner Theatre Institute*, 802 F.2d 1038, 1044 (8th Cir. 1986).

In this instance, Plaintiff agreed to be bound by the terms of the eBay User Agreement, including its Arbitration Clause. That Arbitration Clause is enforceable by AICC as eBay's debt collection agent, and the FDCPA claims asserted in this lawsuit are within the scope of that Arbitration Clause.

A.  **As a Thrice-Registered eBay User, Plaintiff Has Repeatedly and Affirmatively Agreed to Arbitrate All Disputes He May Have Related to His eBay Account.**

Plaintiff has voluntarily accepted the terms of the eBay User Agreement by affirmatively "clicking" his agreement to them during his online eBay User Registration process, thereby creating a legally binding and enforceable contract. *See Feldman v. Google Inc.,* 513 F. Supp.2d 229, 236 (E.D. Pa. 2007) (holding that adequate notice was provided of clickwrap agreement where plaintiff clicked "Yes, I agree to the above terms and conditions"); *DeJohn v. The TV Corp. Int'l,* 245 F. Supp. 2d 913, 918-919 (N.D. Ill. 2003) (finding that an online User Agreement was an enforceable contract because the user "expressly indicated that he read, understood and agreed to those terms when he clicked the box on 'the defendant's website" and the user "always had the option to reject [the defendant's contract and obtain  . . . services elsewhere"); *i:LAN Systems, Inc. v. Netscout Service Level Corp.,* 183 F. Supp. 2d 328, 335, 336 (D. Mass. 2002) (enforcing clickwrap agreement because the user "manifested asset to the clickwrap license agreement when it clicked on a box stating 'I agree'"); *In re RealNetworks, Inc. Privacy Litig.*, No, 00-c-1366, 2000 WL 631341, at *1 (N.D. Ill. May 8, 2000) (finding reasonable notice of the terms of a clickwrap agreement where the user had to click "I agree" before proceeding with registration).

The attached affidavit of Rebekah Long, Ex. A, describes in detail the process Mr. Ormonde and other potential users must follow in order to register as eBay users. *See* Long Aff. at ¶¶4-8, 13-17.  Specifically, in order to register as an eBay user, eBay required Plaintiff to affirmatively click a "Submit" button acknowledging that he had read and accepted the User Agreement and Privacy Notice. *See id.* at ¶13.  eBay's records reflect that Plaintiff completed this registration step, accepting the User Agreement and Privacy Notice, on three separate

8

occasions, the earliest being in 2009 and the latest being in 2014. *Id.* at ¶23. The completion of the registration is evidenced by the records of three separate eBay User IDs being assigned to Plaintiff's legitimate accounts: "emalditozero," "irishjohnjohn," and "johormo." *Id.* at ¶¶23-25.

Because the Arbitration Clause became effective in October, 2012, when Plaintiff registered his third eBay User ID ("johormo") on October 12, 2014, he had to click the "Submit" button indicating that he had read and agreed to the eBay User Agreement containing that Arbitration Clause.[3] *See* Long Aff. Ex. 3. Moreover, Plaintiff also conducted six transactions on eBay using his original User ID ("emalditozero") after the Agreement to Arbitrate became effective, *id.* at ¶28, and the eBay User Agreement specifically states that a User's "continued access or use of our Services constitutes [the User's] acceptance of the amended terms." *Id.* at ¶29.

Plaintiff was also provided constructive notice each time the eBay User Agreement was amended. Notice of each amendment to the eBay User Agreement was posted on eBay's website at least 30 days before the amendment was to become effective. *See* Long Aff. at ¶¶30, 33. eBay also notified Plaintiff directly of each planned amendment to the Unser Agreement by message directly to his eBay account, email, or both. *Id.* at ¶¶31-32.

**B.      The Arbitration Clause Is Enforceable and Applies to Plaintiff's Allegations.**

Given the favored status of arbitration agreements, there are really only two questions relevant for purposes of the present motion to compel arbitration: (1) whether there is an enforceable arbitration agreement; and (2) whether the allegations are covered by that agreement.

---

[3] Although Plaintiff never verified his email address in connection with his third eBay User registration, the IP address associated with his third registration (User ID "johormo") is identical to that associated with his first registration (User ID "emalditozero"), indicating that they both originated with Mr. Ormonde. *See* Long Aff. at ¶27.

9

*See Donaldson Co. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 730–31 (8th Cir. 2009); *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004).  The answer to both is "yes."

        1.     **As eBay's Agent, AICC May Enforce the Arbitration Clause of the eBay User Agreement.**

As established above, eBay and Plaintiff are both parties to the eBay User Agreement, making the agreement enforceable as between the two.  While Defendant AICC is not a signatory to the User Agreement, because it was acting as eBay's agent for debts placed with AICC pursuant to the Collection Services Agreement between AICC and eBay, AICC is entitled to enforce the eBay User Agreement to compel arbitration of Plaintiff's FDCPA claims.

"[S]tate contract law governs the threshold question of whether an enforceable arbitration agreement exists between litigants; if an enforceable agreement exists, the federal substantive law of arbitrability governs whether the litigants' dispute falls within the scope of the arbitration agreement."  *Donaldson Co.,* 581 F.3d at 731 (citation omitted).  Nonsignatories to an arbitration agreement "may compel a signatory to arbitrate claims in limited circumstances," including "when, as a result of the nonsignatory's close relationship with a signatory, a failure to do so would eviscerate the arbitration agreement."  *PRM Energy Sys., Inc. v. Primenergy, L.L.C.*, 592 F.3d 830, 834 (8th Cir. 2010).  The Eighth Circuit has repeatedly allowed nonsignatory-agents to avail themselves of signatory-principals' arbitration agreements with third parties when, as here, those third parties sue the agents directly.  *See, e.g.*, *C.D. Partners, LLC v. Grizzle*, 424 F.3d 795 (8th Cir. 2005) (employee covered by employer's arbitration agreement); *Finnie v. H & R Block Fin. Advisors, Inc.*, 307 F. App'x 19 (8th Cir. 2009) (unpublished per curiam) (same); *Nesslage v. York Secs., Inc.,* 823 F.2d 231 (8th Cir. 1987) ("disclosed agent" covered by clearance broker's arbitration agreement).

Missouri has adopted the Restatement definition of an agency relationship, which includes the following elements: (1) that an agent holds a power to alter legal relations between the principal and a third party; (2) that an agent is a fiduciary with respect to matters within the scope of the agency; and (3) that a principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. *State ex rel. Ford Motor Co. v. Bacon*, 63 S.W.3d 641, 642 (Mo. 2002).[4]

The Collection Services Agreement between eBay and AICC readily establishes that eBay engaged AICC to act as its agent for the purpose of collecting debtor accounts, but that eBay retained significant rights to control both the debt and AICC's conduct as it related to the debt. *See* Long Aff. Ex. 6. The Collection Services Agreement, for instance:

- authorizes AICC to "undertake the collection of certain delinquent United States domestic accounts (each, an "Account") of eBay sellers ("Debtors") which eBay decides to place with Collector," while "eBay reserves the right to revoke any or all Accounts without reason at any time," Long Aff. Ex. 6 at Section 1.1.1;

- allows eBay to control the investigation of claims, defense, and settlement of any litigation related to the delinquency of the Accounts, *id*. at Section 1.1.3;

- establishes that eBay retains the right to monitor AICC's services by reviewing its letters and listening to phone calls made to eBay debtors, *id*. at Section 1.2;

- establishes eBay's right to audit AICC's records relating to the computation of payments owed to eBay, *id*. at Section 3;

- requires an acknowledgment by AICC that "this Agreement does not provide for the sale or assignment of account receivables for the Accounts," *id.* at Section 4; and

---

[4] The eBay User Agreement contains a choice of law provision requiring application of Utah state law. *See* Long Aff. at ¶21. Given that the enforceability of the eBay User Agreement by AICC is the very subject of this motion and has not yet been determined, AICC focuses here on Missouri's law of agency. Utah state law, however, is unlikely to lead to a different result. *See Continental Bank and Trust Company v. Taylor*, 384 P.2d 796, 800 (Utah 1963) ("[A]gency is defined by the American Law Institute Restatement of Agency 2d, Section 1, as follows: 'Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'").

11

- expressly establishes that AICC is the agent of eBay "*for the limited purpose of performing the Services*," with "Services" defined at Section 1.1 to include "Collections." *id*. at Section 7. (emphasis added).

Moreover, by its very terms, the eBay User Agreement confirms the existence of the creditor/debt collection agency relationship between eBay and AICC. *See* Long Aff. at ¶11. The User Agreement also repeatedly references eBay's agents, defining them as part of "us" or "we" in the sections entitled "Release," "Indemnity," "Authorization to Contact You; Recording Calls," and "Disclaimer of Warranties; Limitation of Liability." *Id.*

Accordingly, eBay's debt collection agent, AICC is entitled to enforce the eBay User Agreement's arbitration clause against Plaintiff's collection-related FDCPA claims.

> 2. **Plaintiff's Allegations Are Covered by the Enforceable Agreement to Arbitrate.**

In examining the eBay User Agreement's arbitration clause to determine whether it covers this dispute, "the district court does not reach the potential merits of any claim but construes the [arbitration] clause liberally, resolving any doubts in favor of arbitration and granting the motion unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008) (citations and quotation marks omitted). The arbitration clause here is *very* broadly worded and easily extends to encompass Plaintiff's allegations.

The Arbitration Clause requires Plaintiff, as a party to that Agreement, to arbitrate *all* disputes or claims "relating in any way" to the eBay User Agreement *or* to Plaintiff's "use of or access to eBay's Services," *or* to "any products or services sold, offered, or purchased through eBay's Services." *See* Long Aff. at ¶12.

Plaintiffs' allegations concern debts purportedly "owed by Ormonde [and other class members] to eBay" that pertain to accounts "purportedly held at eBay." (Compl. at

12

¶10.)  Fundamentally, Plaintiff contends that he was wrongly accused of owing a debt to eBay – a debt that eBay asked AICC to collect on eBay's behalf, thereby leading to alleged violations of the FDCPA.  *See* Compl. ¶¶12, 24.  The evidence will show that eBay's actions (as well as those undertaken by AICC, acting as eBay's agent) do not amount to a compensable violation of the FDCPA, but the facts remain that the dispute *does* relate to products sold (albeit fraudulently) "through eBay's Services," and that the dispute relates to the eBay User Agreement, which specifically refers to both the collection of debts and the fact that eBay may use third parties to collect those debts.  *See* Long Aff. at ¶11.  Importantly, the language in the Arbitration Clause is not limited to legitimate debts or legitimate accounts.  It is meant to cover "all disputes or claims" related to "any products or services sold, offered or purchased."[5]

### C. This Matter Should Be Temporarily Stayed Pending a Ruling on Defendant's Motion to Compel Arbitration.

AICC respectfully requests that all pre-trial activity, including entry of a preliminary scheduling order and initiation of discovery (including initial disclosures) be *temporarily stayed* pending the Court's ruling on this motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North America Co.,* 299 U.S. 248, 254 (1936); *see also Lunde v. Helms,* 898 F.2d 1343, 1345 (8th Cir. 1990).  A stay is particularly appropriate in the immediate instance, because an order by the Court compelling arbitration would trigger the mandatory stay under Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3.  For these reasons,

---

[5] The Supreme Court has made clear that, "as a matter of federal law, any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration" when "the problem at hand is the construction of the contract language itself." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).  Accordingly, Plaintiff's FDCPA claims are fully arbitrable.

13

courts frequently stay proceedings while a motion to compel arbitration is pending. *See, e.g., Hill v. Asset Acceptance, LLC*, 2014 WL 1289578 (S.D. Cal., March 27, 2014) (citing *Stiener v. Apple Computer, Inc.*, 2007 WL 4219388, *1 (N.D. Cal. Nov. 29, 2007) (internal quotations omitted); *Merrill Lynch v. Coors*, 357 F. Supp. 2d 1277 (D. Colo. 2004) (granting motion to stay pending outcome of motion to compel arbitration and motion to dismiss).

The necessity of determining arbitrability apart from ongoing litigation is further illustrated by the orders issued by district courts granting stays of proceedings pending an interlocutory appeal from an order denying a motion to compel arbitration. *See, e.g., Winig v. Cingular Wireless, LLC*, 2006 WL 3201047 (N.D. Cal. Nov. 6, 2006) (granting stay of proceeding pending interlocutory appeal); *Lowden v. T-Mobile USA*, 2006 WL 1896678 (W.D. Wash. July 10, 2006).

When a stay is not granted pending a ruling on the issue of arbitrability, "the advantages of arbitration - speed and economy - are lost forever." *Winig*, 2006 WL 3201047, at *2 (citing *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)). *See also Lowden*, 2006 WL 1896678, at * 2 (stating that "litigation expenses would defeat the cost-limiting purpose of their arbitration agreements"); *Stern v. Cingular Wireless Corp.*, 2006 WL 2790243, at *2 (N.D. Cal. Sept. 11, 2006) ("[i]f defendants are forced to continue litigation, they will lose the benefits of arbitration…").

If this Court grants AICC's motion to compel arbitration, the parties will proceed under different rules and different procedural obligations. If AICC is forced to litigate under the Federal Rules of Civil Procedure in the meantime, it will be almost immediately subject to the expense of discovery (including mandatory initial disclosures and, in all likelihood, preparing responses to interrogatories and requests for production of documents). Plaintiff will suffer no

perceivable hardship by being required to await the Court's decision on a single motion that will be fully briefed within 30 days.  Unless and until it is clear that AICC is actually required to litigate Plaintiff's claims, a temporary stay of all proceedings would be most efficient (and economical) for both the parties and Court.

## IV. CONCLUSION

For the foregoing reasons, Defendant AICC respectfully requests that arbitration of Plaintiff's claims be compelled pursuant to the Arbitration Clause contained in the eBay User Agreement.  AICC further requests that in the interests of efficiency and economy, all pretrial proceedings in this matter, including but not limited to the entry of a scheduling order and all forms of discovery pursuant to Rule 26, be temporarily stayed pending a ruling on its Motion to Compel Arbitration.

DATE: January 11, 2017

Respectfully submitted,

  s/Rebecca J. Schwartz_____
Rebecca J. Schwartz, MO Bar #46341
rschwartz@shb.com
Gregory K. Wu, MO Bar #54087
gwu@shb.com
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone:  816-474-6550
Fax:  816-421-5547

Benjamin N. Hutnick, MO Bar #63668
bhutnick@bermanrabin.com
BERMAN AND RABIN, PA
15280 Metcalf Avenue
Overland Park, KS 66223
Phone:  913-649-1555
Fax: 913-652-9474

***Attorneys for Defendant***

15

7964177

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of January, 2017, I filed the foregoing with the clerk of the court using the court's CM/ECF system, which will serve electronic service on all parties of interest.

  s/ Rebecca J. Schwartz
*Attorney for Defendant*

7964177