UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN ORMONDE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16CV1763 HEA ) |
| ALLIED INTERNATIONAL CREDIT CORPORATION | ) ) ) ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Arbitration and for Temporary Stay of Proceedings, [Doc. No. 20]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion to Compel Arbitration is granted.

## Background

Plaintiff filed this action against Defendant for violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* related to a debt Plaintiff purportedly owed to eBay, Inc., a non-party for which Defendant collects debts.

eBay placed that debt with its agent AICC for collection, but retained ownership of the debt and substantial control over AICC's actions in relation to the

debt. The relationship between eBay and AICC is governed by a written contract referred to as the "Collection Services Agreement."

eBay operates an online global marketplace on which "users" (individuals who register to use eBay's services and become eBay account holders) may list items they wish to sell and through which potential buyers may purchase items from third parties. Successful eBay sellers pay eBay a fee for their use of the online marketplace; if such fees are not timely paid, eBay may place their accounts with AICC for collection. The purported debt at issue in this lawsuit was attributed to Plaintiff based on the use of an eBay account registered to Plaintiff's name. After eBay placed the debt with AICC for collection, eBay discovered that the account had been fraudulently created in Plaintiff's name.

Anyone buying or selling on eBay (including guests) must first accept the terms of the eBay User Agreement. The eBay User Agreement contains the terms and conditions that govern the relationship between eBay and its users. The eBay registration process requires a potential eBay user to complete an online registration form and to electronically submit the form to eBay. To activate the eBay registration process and generate a registered User ID that will be stored in eBay's records, a potential user must click a "Submit" button found immediately below a statement that reads: "By clicking 'Submit' I agree that: I have read and accepted the User Agreement and Privacy Policy…." Registered users who do not

affirmatively click "Submit" indicating their acceptance of the User Agreement and Privacy Policy are not permitted to become eBay account holders.

Plaintiff is a registered eBay user and has, on three separate occasions, completed an electronic registration form resulting in the generation of three unique eBay User IDs. For two of those three registrations, Plaintiff subsequently verified his email address and transacted on the site using one of those user IDs. Specifically, eBay's records show that Plaintiff first became a registered eBay user in December 2009, accepting the then-operative eBay User Agreement and acquiring the User ID "elmalditozero." Plaintiff's first eBay account has remained active ever since. For a period of time, Plaintiff was also a registered user and eBay account holder with User ID "irishjohnjohn," although that account was subsequently deleted by eBay (due to nonuse) in 2016. Plaintiff also completed a third eBay registration in October 2014 with the User ID "johormo," although he never verified the email address associated with this account and, as a result, never completed any transactions using this User ID. On each of the three occasions Plaintiff registered and generated a unique User ID that eBay retained in its records, Plaintiff affirmatively acknowledged that he had read and agreed to the eBay User Agreement and Privacy Policy, thereby signifying his *actual* notice of the terms of the Agreement.

In addition to the actual notice of the eBay User Agreement Plaintiff affirmed each time he registered, Plaintiff was also provided constructive notice of each planned amendment to the eBay User Agreement (typically twice a year). From his initial registration in December 2009, the eBay User Agreement has always contained a provision that authorized eBay to propose changes to the contract. The User Agreement that became effective September 29, 2009 provided:

> We may amend this Agreement at any time by posting the amended terms on this site. Except as stated elsewhere, all amended terms shall automatically be effective 30 days after they are initially posted. Additionally, we will notify you through the eBay Message Center. This Agreement may not otherwise be amended except in writing hand signed by you and us.

Subsequent versions of the eBay User Agreement have all contained similar or identical provisions. Pursuant to this provision, eBay posted an amended User Agreement to its website on August 21, 2012 containing an arbitration provision that became effective for current members on October 10, 2012. eBay also notified Plaintiff of that amendment to the User Agreement by sending a message to him through his eBay Message Center on August 27, 2012 and by email on September 15, 2012.

The amended eBay User Agreement posted on the eBay website August 21, 2012 expressly permitted existing eBay users, like Plaintiff, to opt out of the new arbitration provision. Within the arbitration agreement was a separately-marked section titled "**Opt-Out Procedure**," which provided:

> **You can choose to reject this Agreement to Arbitrate ("opt-out" by mailing us a written opt-out notice ("Opt-Out Notice"). For new eBay users, the Opt-Out Notice must be postmarked no later than 30 days after the date you accept the User Agreement for the first time. If you are already a current eBay user and previously accepted the User Agreement prior to the introduction of this Agreement to Arbitrate, the Opt-Out Notice must be postmarked no later than November 12, 2012.**

Plaintiff has never submitted an arbitration opt-out notice to eBay and his eBay account remains open and active.

At all relevant times, the eBay User Agreement that Plaintiff accepted has contained a section pertaining to Legal Disputes that requires any claim relating in any way to the eBay User Agreement to be resolved in accordance with the provisions of that section. Section B of the operative Legal Disputes Section of the eBay User Agreement contains the following "Agreement to Arbitrate":

> **You and eBay each agree that any and all disputes or claims that have arisen, or may arise, between you and eBay relating in any way to or arising out of this or previous versions of the User Agreement, your use of or access to eBay's Services, or any products or services sold, offered, or purchased through eBay's Services shall be resolved exclusively through final and binding arbitration, rather than in court. Alternatively, you may assert your claims in small claims court, if your claims qualify and so long as the matter remains in such court and advances only on an individual (non-class, nonrepresentative) basis.** The Federal Arbitration Act governs the interpretation and enforcement of this Agreement to Arbitrate.

This language has been included in each version of the User Agreement effective since October 2012, including the version Plaintiff affirmatively accepted at the time of his third eBay registration.

The eBay User Agreement has, since at least 2014, specifically stated that a User's "continued access or use of our Services constitutes [the User's] acceptance of the amended terms," and Plaintiff continued to use his original eBay account ("elmalditozero") to conduct at least six transactions on eBay after the Arbitration Clause became effective in 2012.

Plaintiff does not dispute that the Arbitration agreement exists or that he agreed to arbitrate disputes. Rather, Plaintiff argues that because Defendant was not a party to the agreement and is acting as an independent contractor in its agreement with eBay, Defendant cannot enforce the agreement to arbitrate.

## Considerations to Compel Arbitration

Before compelling arbitration, a district court must determine (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement. *Robinson v. EOR-ARK, LLC,* 841 F.3d 781, 783 (8th Cir. 2016). Any doubts raised in construing contract language on arbitrability should be resolved in favor of arbitration. *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 795 (8th Cir. 2005).

Under Section 2 of the Federal Arbitration Act (FAA), "written arbitration agreements [are] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of a contract." *Anderson v. Carlisle*, 129 S.Ct. 1896, 1901 (2009). Section 2 "creates substantive federal law regarding the

enforceability of arbitration agreements, requiring courts to place such agreements upon the same footing as other contracts." *Id.* (quotations omitted). "Section 3, in turn, allows litigants already in federal court to invoke agreements made enforceable by Section 2." *Id*. "That provision requires the court, on application of one of the parties, to stay the action if it involves an issue referable to arbitration under an agreement in writing." *Id.*

Although Plaintiff contends that Defendant acts as an independent contractor through its agreement with eBay, Plaintiff ignores the clear language of the agreement in which eBay and Defendant agree that Defendant would in fact be an agent for eBay for the collection of debts:

> Collector's relationship with eBay shall be that of an independent contractor, and nothing in this Agreement should be construed to create a partnership, agency, joint venture, or employer-employee relationship between eBay and Collector (including Collector's employees and contractors). **Collector is not the agent of eBay except for the limited purpose of performing the Services**, and is not authorized to make any representation, contract, or commitment on behalf of eBay, unless specifically requested or authorized in writing to do so by an eBay officer.

Paragraph 7 of the Collection Service Agreement between Defendant and eBay contains the definition of Services which includes the collection of certain delinquent accounts of eBay sellers. As such, Defendant is an agent of eBay for the specific purpose of collecting the account at issue. As its agent, Defendant's actions are covered by the arbitration agreement to which Plaintiff agreed. The

7

dispute between Plaintiff and Defendant falls within the terms of those Agreements. The dispute must go to arbitration for the claims.

## Conclusion

Based on the foregoing, the Court concludes Defendant, as an agent may invoke the Arbitration Agreements between Plaintiff and eBay. The Motion to Compel Arbitration and for Temporary Stay will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration and Stay Proceedings, [Doc No. 20], is **granted**.

**IT IS FURTHER ORDERED** that this matter is stayed temporarily pending an award in the arbitration.

Dated this 21st day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE